UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AMERICAN ROCK SALT COMPANY, LLC,


                                    Plaintiff,

                                                            DECISION AND ORDER

                                                            00-CV-6534L

                    v.

NORFOLK SOUTHERN CORPORATION, et al.,


                                    Defendants.

_____


        The parties are embroiled in a contract dispute relating to the transportation of commercial

rock salt produced by plaintiff.  Pretrial matters involving discovery were referred to United States

Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b).  Several years ago, in December

2002, plaintiff filed a motion to compel relating to document production and answers to

interrogatories.

        The matter was litigated before Magistrate Judge Foschio.  On August 19, 2004, he issued

a detailed, 27 page decision, granting, for the most part, plaintiff's motion.  Compliance with that

decision was required within 45 days.  Magistrate Judge Foschio also imposed reasonable costs and

attorneys fees against defendants as a sanction pursuant to FED. R. CIV. P. 37(a)(4)(A).

        Thereafter, defendants moved for reconsideration before the Magistrate Judge.  That motion

was denied in a thorough, 65-page Decision and Order entered March 18, 2005.  That order directed

full compliance with the order to produce and disclose within 30 days.  On that same day, by separate

order, (Dkt. #76), Magistrate Judge Foschio granted, in part, plaintiff's counsel's request for costs

and attorneys fees in the amount of $8,999.83.

On April 1, 2005, defendants filed a single document with this Court containing objections

to the Magistrate Judge's orders compelling discovery, as well as his decision assessing costs and

attorneys fees.  In that filing, counsel also moved for what he described as a "temporary stay" of the

Magistrate Judge's March 18, 2005 orders.

This Court issued a scheduling order (Dkt. #78) on defendants' motions and the matter is

currently scheduled for oral argument on June 10, 2005.  Trial in this case is now scheduled for July

11, 2005.  That date was scheduled on February 4, 2005.

After a more thorough review of Magistrate Judge Foschio's several orders and the

objections filed by defendants, I do not believe that oral argument is necessary. Magistrate Judge

Foschio considered the several issues raised by defendants, not once but twice, in two very lengthy

and detailed decisions.  Magistrate Judge Foschio carefully considered all the issues now raised by

defendants.  I see no basis to reverse or modify any of Magistrate Judge Foschio's rulings concerning

discovery.

Both the statute at § 636(b)(1)(A) and Rule 72(a) FED. R. CIV. P. set forth the standard by

which to review a Magistrate Judge's pretrial order concerning discovery.  Reversal is warranted

only if the Magistrate Judge's decision is "clearly erroneous or contrary to law."  The party seeking

to reverse a Magistrate Judge's ruling concerning discovery bears a heavy burden, in part, because

the Magistrate Judge is afforded broad discretion in these matters. *See Derthick v. Bassett-Walker, Inc.*, 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992).

Under the "clearly erroneous standard of review," reversal is warranted only if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United Gypsum Co.*, 333 U.S. 364, 395 (1948)); *Lyondell-Citgo Refining, LP v. Petroleos de Venezuela*, 2005 WL 551092 (S.D.N.Y. 2005).

Defendants failed to establish entitlement to relief before Magistrate Judge Foschio and have failed to convince me that Magistrate Judge Foschio's decision on these matters is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

Therefore, defendants' objection to the Magistrate Judge's orders concerning production of discovery are denied.  Defendants must fully comply with the Magistrate Judge's orders.

Presumably, full compliance has already occurred by dint of the Magistrate Judge's Decision and Order of March 18, 2005, ordering compliance within 30 days of that decision.  No stay of that order was obtained from Magistrate Judge Foschio and, although, defendants moved for a stay before this Court, none was granted.  Merely filing a motion for such relief does not excuse the moving party from fully complying with the order appealed from until a court grants a stay and relieves the party of its obligation to comply with a challenged order. *See Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal"); *Wapnick v. United States*, No. CV 95-2025, 2002 WL 985571, at *4 (E.D.N.Y. Mar. 28, 2002) ("an appeal of

a discovery order will not serve to stay the discovery order"); *Esparza v. Bridgestone/Firestone, Inc.*,

200 F.R.D. 654, 656 (D.Colo. 2001) ("Those courts that have considered the issue have held that the

filing of an objection does not automatically stay the magistrate judge's [discovery] order")

(collecting cases); *Herskowitz v. Charney*, No. 93 CIV. 5248, 1995 WL 104007 at *3 (S.D.N.Y. Mar.

8, 1995) ("[i]n the absence of a stay, the fact that a litigant has appealed to the District Court from

a Magistrate Judge's discovery order does not excuse failure to comply with that order"); *Litton*

*Industries, Inc. v. Lehman Brothers Kuhn Loeb, Inc.*, 124 F.R.D. 75, 78-79 (S.D.N.Y. 1989) (filing

objections to an order by a magistrate judge does not operate to automatically stay the magistrate

judge's order).

CONCLUSION

Defendants' objections to the orders of Magistrate Judge Foschio compelling discovery and

its motion for a temporary stay (Dkt. #75) is denied.  Defendants' motion for a temporary stay is

denied on the merits and denied as moot.

The Court will continue to reserve judgment on defendants' objection to Magistrate Judge

Foschio's Decision and Order (Dkt. #76) awarding costs and attorneys fees, and I direct plaintiff to

respond to defendants' objection, if it wishes to do so, by June 1, 2005.

The scheduling order issued by this Court on May 19, 2005 (Dkt. #78) is hereby vacated.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
     May 25, 2005.